[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10 2000
THOMAS K. KAHN
CLERK

_____

No. 97-9009
_____

D. C. Docket No. 1:95-cv-3012-CAM

ROBERT L. JONES,

Plaintiff-Appellant,

versus

J. WAYNE GARNER, Chairman,
State Board of Pardons and Paroles, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 10, 2000)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BIRCH and BARKETT, Circuit Judges, and HANCOCK*, Senior District
Judge.

PER CURIAM:

_____
*Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama,
sitting by designation.
PER CURIAM:

In light of the Supreme Court's decision in <u>Garner v. Jones</u>, 120 S. Ct. 1362 (March 28, 2000), we remand the case for further proceedings. In its decision the Supreme Court noted that:

> The Court of Appeals' analysis failed to reveal whether the amendment to Rule 475-3-.05(2), in its operation, created a significant risk of increased punishment for respondent. Respondent claims he has not been permitted sufficient discovery to make this showing. The matter of adequate discovery is one for the Court of Appeals or, as need be, for the District Court in the first instance. The judgment of the Court of Appeals is reversed, and the case is remanded for proceedings consistent with this opinion.

<u>Id.</u> at 1371. We thus remand the case to the district court to determine, after permitting sufficient discovery, whether the amendment to Ga. Rules & Regs., Rule 475-3-.05(2) (1985) in its operation created a significant risk of increased punishment for Robert L. Jones.

SO ORDERED.